ROYCE L. PAINTER, JR.

v.

⬧ DAVID L. SIMMONS

Record No. 871390

June 9, 1989

Present: All the Justices

F. Guthrie Gordon, III (Janice L. Redinger; Gordon & Wyatt, on brief), for appellant.

Peter D. Menk (Jeffrey D. Gaines; Black, Menk, Noland & Gaines, on brief), for appellee.

Justice Lacy delivered the opinion of the Court.

In 1986 Royce Painter and David Simmons both worked for Fenco, Inc. at its facilities located on VanFossen Lane in Staunton. VanFossen Lane is a private road which provides access to the Fenco facilities as well as other businesses located on the VanFossen property along the lane. On the morning of March 11, Painter, after checking in for work, was struck by a car while walking north on VanFossen Lane from one of Fenco's buildings to another. The car was driven by Simmons, who was on his way to work.

Painter applied for and received workers' compensation benefits through Fenco. He also filed this negligence action against Simmons. The trial court sustained Simmons' plea in bar, holding that Painter's exclusive remedy was the Workers' Compensation Act. We now consider Painter's appeal of that decision.

If the acts which gave rise to Painter's injury "arose out of" and "in the course of" Simmons' employment with Fenco, the Workers' Compensation Act is Painter's exclusive remedy. If such acts did not "arise out of" and "in the course of" Simmons' employment with Fenco, Simmons is an "other party" under the Workers' Compensation Act and Painter may maintain a separate action for negligence against him. Code §§ 65.1-40, 65.1-41, 65.1-103.

In Brown v. Reed, 209 Va. 562, 165 S.E.2d 394 (1969), we held that the Workers' Compensation Act was the exclusive remedy for an employee injured by a fellow employee on a private road or passageway on the business premises which separated buildings of the employer and was adjacent to the parking lot. Although neither employee was "on the job" at the time of the accident, one employee was leaving work and the other was arriving at work.

Recently, we again held that the Workers' Compensation Act was the exclusive remedy of an employee injured by a fellow employee when both employees had terminated their work day and were leaving a privately owned parking lot where spaces were allocated to their employer. *Barnes* v. *Stokes*, 233 Va. 249, 252-53, 355 S.E.2d 330, 331-32 (1987).

Painter refers to the above cases as "parking lot" cases, significant because they provide a clear demarcation for the applicability of the Act in these types of cases. Painter argues that extending application of the Act beyond the boundaries of the parking lot will lead to the unmanageable and undesirable results of a "reasonable distance" standard. *See* 1 Larson, *The Law of Workmen's Compensation*, § 15.12.(a) (1952) (characterizing the "reasonable distance" standard, as traditionally applied, as a "widely-varying subjective standard").

In making this argument, Painter fails to consider the rationale we consistently have utilized to determine whether the Act applied. Merely being in a parking lot utilized by employees is not enough to impose coverage of the Virginia Workers' Compensation Act. *See Fouts* v. *Anderson*, 219 Va. 666, 250 S.E.2d 746 (1979).

In both *Brown* and *Barnes*, we relied on the rationale of *Bountiful Brick Co.* v. *Giles*, 276 U.S. 154 (1928), to determine whether the accidents arose out of and in the course of the employment. In determining whether death benefits were available under the Utah Compensation Act, the United States Supreme Court stated that

> [An employee's] employment includes not only the actual doing of the work, but a *reasonable margin of time and space* necessary to be used in passing to and from the place where the work is to be done. If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, *or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises*, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance. In other words, the *employment may begin in point of time before the work is entered upon and in point of space before the place where the work is to be done is reached.*

*Id.* at 158 (emphasis added).

In *Bountiful Brick*, a brickyard employee was killed on his way to work when crossing railroad tracks adjacent to the brickyard. The railroad company's right of way was fenced, but employees of the brickyard entered the right of way from the east fence, crossed the tracks, exited through a gap in the fence, and proceeded to the north entrance of the brickyard. Additional methods of entering the brickyard were available to the employees including a public road crossing the railroad tracks as well as brickyard entrances on the north and west sides of the yard. Based on an analysis of the time and situs of the accident, coverage was permitted under the Utah Act.

 The accident in the instant case occurred at a place and time where Fenco expected both Painter and Simmons to be for employment purposes. VanFossen Lane is an acknowledged route of egress and ingress to and between the employer's facilities. Simmons clearly was using the lane for no purpose other than to commence his work for the day as anticipated by his employer. We previously have stated that:

> [A]n accident occurs in the "course of employment" when it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incident thereto.

*Brown*, 209 Va. at 564, 165 S.E.2d at 396.

For the reasons set out above we will affirm the judgment of the trial court sustaining Simmons' plea in bar.

*Affirmed.*