COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Annunziata
Argued at Alexandria, Virginia


TEMPLETON OLDSMOBILE DODGE AND
 VADA GROUP SELF-INSURANCE ASSOCIATION
                                 MEMORANDUM OPINION[*] BY
v.   Record No. 0446-99-4     JUDGE ROSEMARIE ANNUNZIATA
                                    APRIL 18, 2000
CHARLES DYER


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Charles F. Midkiff (Joshua M. Wulf;
            Midkiff & Hiner, P.C., on brief), for
            appellants.

            Craig A. Brown (Ashcraft & Gerel, on brief),
            for appellee.


     Appellants, a car dealership and its insurer, appeal the

decision of the Workers' Compensation Commission affirming the

deputy commissioner's award of total temporary disability

benefits to Charles Dyer.  Appellants contend that the award to

Dyer is erroneous under the "going and coming" rule barring

employer liability for car crashes involving employees driving

vehicles owned by the employer.  Dyer argues on cross-appeal

that the commission erred in affirming the deputy commissioner's

decision to terminate Dyer's benefits after December 30, 1997.

We find no error and affirm.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

BACKGROUND

Under familiar principles, we state the evidence in the light most favorable to Dyer, the party prevailing below.  See Smithfield Packing Co., Inc. v. Carlton, 29 Va. App. 176, 179, 510 S.E.2d 740, 741 (1999).

Dyer suffered injuries in a car accident on December 2, 1997.  At the time, he was employed as a car salesman by appellant Templeton, and he was on his way to work when the crash occurred.  The car he was driving was a demonstrator vehicle owned by Templeton.  A demonstrator, or "demo" vehicle, is a new vehicle owned by a car dealership that its employees are permitted to drive for a limited amount of time.  The vehicle bore an emblem bearing Templeton's name, and stickers were affixed to its windows advertising the vehicle's features and its selling price.  Demos bear such stickers so that potential buyers who see the vehicle off the premises of the dealership are afforded purchase information.  Templeton's practice is to allow employees to drive demo vehicles until they attain the 5,500 mile mark.  Templeton maintained the insurance on the vehicle driven by Dyer and provided it with routine maintenance and service.  Employees are required to show demos to prospective buyers at any time, whether on or off Templeton's premises, even after business hours.  Furthermore, employees are not permitted to let family members drive demos, and they are

required to keep the vehicles clean at all times.  The restrictions on employees' use of demos include prohibitions against driving the demo on vacations and on long distance trips.  Employees are further prohibited from driving the vehicles more than fifty miles per month for purposes other than commuting to and from work and showing the vehicle to potential buyers.

Templeton deducted $344 per month from Dyer's paycheck to help cover expenses associated with his use of the demo, including the cost of insuring the vehicle and its maintenance.  Dyer also provided fuel for the demo he was assigned.

Dyer filed a petition for workers' compensation benefits on January 21, 1998, alleging compensable injury and seeking temporary total disability benefits from December 2, 1997 through February 9, 1998, as well as medical benefits.  Appellants defended the claim by arguing that the "going and coming" rule barred any such recovery.  On July 6, 1998, the deputy commissioner awarded benefits to Dyer on the ground that his injury arose from his employment, and occurred in the course of that employment.  Appellants appealed to the full commission, and on February 9, 1999, the commission affirmed the award to Dyer, but declined to award benefits after December 30, 1997, finding that Dyer's physical restrictions following that date did not prohibit him from performing his pre-injury duties.

Appellants noted their appeal of the commission's decision to this Court.

ANALYSIS

Whether an accident arose out of and in the course of employment is a mixed question of law and fact and is properly reviewable on appeal. See Carlson v. Dept. of Military Affairs, 26 Va. App. 600, 607, 496 S.E.2d 107, 110 (1998). Appellants base their appeal on the general principle that employers are not liable for injuries sustained by employees while travelling to or from work, citing in support the Supreme Court of Virginia's decision in Ramey v. Bobbitt, 250 Va. 474, 478, 463 S.E.2d 437, 438 (1995). They acknowledge, however, that the Supreme Court has established three exceptions to the "going and coming" rule:

> [1.] "Where in going to and from work the means of transportation is provided by the employer or the time consumed is paid for or included in the wages[;]
>
> [2.] Where the way used is the sole and exclusive way of ingress and egress with no other way, or where the way of ingress and egress is constructed by the employer[; or]
>
> [3.] Where the employee on his way to or from work is charged with some duty or task in connection with his employment."

GATX Tank Erection Co. v. Gnewuch, 221 Va. 600, 603-04, 272 S.E.2d 200, 203 (1980) (quoting Kent v. Virginia-Carolina Chemical Co., 143 Va. 62, 66, 129 S.E. 330, 331-32 (1925)).

- 4 -

Dyer bears the burden of proving by a preponderance of the evidence that one of the above exceptions applies to his case. See Sentara Leigh Hospital v. Nichols, 13 Va. App. 630, 636, 414 S.E.2d 426, 430 (1992). The commission found that Dyer met this burden by proving that two exceptions to the "going and coming" rule -- the first and the third -- applied to the facts of his case.

We find that the commission properly found that Dyer proved the third exception to the "going and coming" rule.[1] In support of their contention that the third exception to the rule does not apply to Dyer's use of the demo, appellants cite Carlson. Their reliance on Carlson is misplaced. Carlson involved a soldier in the National Guard who died while travelling to his duty station at Fort A.P. Hill. See 26 Va. App. at 604, 496 S.E.2d at 108. His dependents sued the Commonwealth's Department of Military Affairs under the Workers' Compensation Act, claiming that Carlson's travel and ensuing death arose out of and in the course of his employment with the National Guard. This Court held that none of the exceptions to the "going and coming" rule was applicable. The Court specifically addressed the third exception, noting that no evidence suggested that

---

[1] Because we find that Dyer met the third exception to the "going and coming" rule, we do not address the first exception. It is conceded that the second exception is inapplicable to the facts of this case, and we will not address the issue.

- 5 -

Carlson was engaged in any duty or task connected with his employment while en route to his post. See id. at 608, 496 S.E.2d at 111.

The evidence in this case establishes that Dyer, unlike the decedent in Carlson, was charged with at least three tasks by his employer in his travel to work: 1) he was required to get the car to Templeton's premises each work day, because his use agreement with Templeton expressly required him to have the demo available to show to customers during business hours; 2) he was required to display the dealer emblem and sales stickers on the car; and 3) he was required to show the car to any potential buyers, even off Templeton's premises. We thus find that Dyer was engaged in the performance of duties which benefited his employer as he drove the demo to work on the day of the accident. The third exception to the "going and coming" rule therefore applies.

Dyer contends on cross-appeal that the commission erred in determining that he was able to work after December 30, 1997. "[T]he findings of fact made by the Workers' Compensation Commission will be upheld when supported by credible evidence." Commonwealth/Department of State Police v. Haga, 18 Va. App. 162, 166, 442 S.E.2d 424, 426 (1994) (citing James v. Capitol Steel Construction Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989)). The commission agreed with the finding of the deputy

commissioner that Dyer was able to perform his pre-injury work beginning on December 31, 1997.  The commission noted that Dyer's physician prohibited him from engaging in <u>excessive</u> bending and lifting at that time and that the evidence showed Dyer's employment required him to do only a modicum of bending and lifting.  The commission therefore found that the degree of bending and lifting described in the evidence did not exceed Dyer's restrictions.  Because we cannot say that the evidence upon which the commission relied lacked credibility, we affirm the commission's finding that Dyer was able to work beginning on December 31, 1997.

For the foregoing reasons, we affirm the decision of the commission.

<u>Affirmed</u>.