COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


DOROTHY W. STONE
                                             OPINION BY
v.    Record No. 1253-00-3          JUDGE ROBERT P. FRANK
                                          DECEMBER 19, 2000
KEISTER'S MARKET & GRILL AND
 NATIONWIDE MUTUAL INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            James A. L. Daniel (Elizabeth B. Carroll;
            Daniel, Vaughan, Medley & Smitherman, P.C.,
            on brief), for appellant.

            Deborah S. O'Toole (Cowan & Owen, P.C., on
            brief), for appellees.


     Dorothy W. Stone (claimant) contends the Workers'

Compensation Commission (commission) erred in finding that she

did not sustain a compensable injury by accident arising out of

and in the course of her employment.  Finding no error, we

affirm the commission's decision.

                      I.  BACKGROUND

     The facts are uncontested.  On November 17, 1998, claimant

completed her work for Keister's Market & Grill (employer) and

was crossing Westover Drive when a vehicle hit her on the public

highway.  She had to cross the highway in order to reach the lot

where her vehicle was parked.  Claimant injured her left pelvis,

left wrist, and her forehead when hit by the car, and has been

totally disabled since November 17, 1998.  The driver of the vehicle that hit claimant did not work for employer.

Paula Richardson, one of the owners of employer, offered the only testimony at the hearing.  She testified that at the time of claimant's accident, she and her husband owned a building that comprised a strip shopping center.  Employer's premises was located at one end of the shopping center, and other small businesses rented space from them.  She testified that there were limited parking spaces in front of employer's business.  She stated that her employees were not permitted to park in front of the shopping center because of the need for customer parking space.  She admitted there was no on-street parking nearby.

Westover Drive, a four-lane highway, fronts employer's premises.  Directly across Westover Drive from employer's premises is the parking lot where claimant's vehicle was parked. The lot is owned by Lucille Richardson, the grandmother of Paula Richardson's husband.  Paula Richardson testified that she and her husband had permission to use the lot.  She testified she did not pay Lucille Richardson any rent or fee for use of the lot and she was not aware that the elder Mrs. Richardson ever charged anyone for use of the lot.  The lot was used by a number of other individuals, including the clients of a tour bus operator, another grandson of the elder Mrs. Richardson, who parked his roofing business vehicles there, the other tenants of

the shopping center, and other individuals in the Westover Hills community, who, from time to time, received permission to park a vehicle there. Paula Richardson testified there were no designated parking spaces and she did not collect fees from her employees for parking in the lot. She testified she and her husband did not maintain the lot, but she conceded that on one occasion in an eight-year period she and her husband cleared some snow off the lot for their own access. She denied they did this for the convenience of employer's employees. Employer does not lease, own, or maintain the lot.

Paula Richardson further testified she told her employees to park in the lot across the street if they chose to drive to work. She admitted there was no other place nearby for her employees to park and stated there was no other way for employees to get to work "unless they walked to work or [she] picked them up." She later testified, however, there was no reason that an employee could not park elsewhere if they chose. She pointed out that the market was in a residential area and that employees could park at the home of someone they knew who lived close by. She considered the lot an alternative to walking or riding with someone else.

Once claimant left the store, she had no further employment duties or tasks to perform for employer. Employer did not pay her for the time after she left the store and did not pay for

mileage or provide an automobile for her use.  Claimant's duties did not involve driving for employer at any time.

Paula Richardson admitted during her testimony that claimant had taken the most direct route from employer's premises to the lot across the street when she was struck.  Yet, no testimony proved that claimant's route was the "sole and exclusive" way of ingress and egress from employer's premises. There were no crosswalks or stoplights along Westover Drive in the immediate vicinity of employer's premises.

After hearing the testimony of Paula Richardson, ore tenus, the deputy commissioner issued an opinion on December 13, 1999, in which she ruled claimant was not entitled to benefits for her injuries because claimant failed to prove her injuries arose out of and in the course of her employment.  The deputy commissioner held that the "going and coming" rule applied and that the lot was not a part of the employer's premises.  Claimant appealed the decision to the full commission, which affirmed the ruling of the deputy commissioner by opinion dated May 15, 2000.

## II.  ANALYSIS

> To recover benefits, the claimant must establish by a preponderance of the evidence that [she] suffered an injury by accident "arising out of and in the course of [her] employment," Code § 65.2-101, and "that the conditions of the workplace . . . caused the injury."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).

Falls Church Const. Corp. v. Valle, 21 Va. App. 351, 359-60, 464 S.E.2d 517, 522 (1995). "The phrase arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite, 8 Va. App. at 483, 382 S.E.2d at 305 (citation omitted). The commission's finding is binding upon us unless we conclude, as a matter of law, that claimant proved her employment caused her injury. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970) (citations omitted).

"As a general rule, 'an employee going to or from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment.'" Kenrick v. Nationwide Homes, Inc., 4 Va. App. 189, 190, 355 S.E.2d 347, 347 (1987) (citations omitted). The Supreme Court of Virginia, however, has recognized three exceptions to this general rule. GATX Tank Erection Co. v. Gnewuch, 221 Va. 600, 603-04, 272 S.E.2d 200, 203 (1980). Therefore, an injury incurred while going to or from work may be compensable:

> "First: Where in going to and from work the means of transportation is provided by the employer or the time consumed is paid for or included in the wages.
>
> "Second: Where the way used is the sole and exclusive way of ingress and egress with no other way, or where the way of

- 5 -

ingress and egress is constructed by the employer.

"Third: Where the employee on his way to or from work is still charged with some duty or task in connection with his employment."

Id. (citation omitted).

Claimant does not contend that the first and third exceptions apply. Rather, claimant contends the parking lot is an extension of employer's premises because it is necessary for employer's employees to use the lot. Claimant, therefore, argues the parking lot is analogous to the "exclusive way of ingress and egress."

Claimant bears the burden of proving by a preponderance of the evidence that the exception applies to her claim. Sentara Leigh Hosp. v. Nichols, 13 Va. App. 630, 636, 414 S.E.2d 426, 430 (1992) (en banc).

Employment is not limited by the walls of the workplace.

[T]here is no concept of "instantaneous exit" from a place of employment immediately upon termination of work. [Brown v. Reed,] 209 Va. [562,] 565, 165 S.E.2d [394,] 397 [(1969)]. Quoting from Bountiful Brick Co. v. Giles, 276 U.S. 154, 48 S. Ct. 221, 72 L.Ed. 507 (1928), we said that employment includes not only the actual performance of the work, but also "a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done." 209 Va. at 565, 165 S.E.2d at 397 (internal quotation marks omitted). Apropos this case and again quoting from Giles, we stated that if an employee sustains an injury while passing, with the express or implied consent of the employer,

- 6 -

> to or from his or her work by a way over the employer's premises, "or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises," id., the injury is as causally related to the employment as if it had been sustained while the employee was engaged in work at the place of its performance.

Barnes v. Stokes, 233 Va. 249, 252, 355 S.E.2d 330, 331 (1987).

In a review of the appellate cases addressing parking lot accidents, we first examine Barnes.  In Barnes, the claimant was struck by a motor vehicle operated by a fellow employee in a private parking lot adjacent to their place of employment.  Id. at 250, 355 S.E.2d at 330.  The lot was neither owned nor maintained by the employer, but the employer was allocated a portion of the lot, which accommodated all of its employees, and directed its employees to park in the designated area.  Id. at 251, 355 S.E.2d at 331.  In finding that the claim was compensable, the Supreme Court of Virginia held:  1) the injury occurred in an area specifically allocated to the employer at a place where the employees were required to park their vehicles and 2) the claimant's injury was sustained while she passed to her work, with the consent of the employer, over the premises of another "'in such proximity and relation as to be in practical effect a part of the employer's premises.'"  Id. at 252-53, 355 S.E.2d at 331-32 (citation omitted).

In denying compensation, we addressed a parking lot accident in Hunton & Williams v. Gilmer, 20 Va. App. 603, 460

- 7 -

S.E.2d 235 (1995), where the claimant slipped and fell on ice that accumulated in a parking garage across the street from the employer's premises. The employer did not own or maintain the parking garage. Id. at 604, 460 S.E.2d at 235. The garage was owned by the employer's landlord. The claimant paid to park in the garage. Id. at 604-05, 460 S.E.2d at 235. The employer did not require its employees to park in the garage. Id. at 605, 460 S.E.2d at 235. The claimant paid for her parking privileges through a payroll withdrawal because the employer was required to pay the garage fee for its employees by one check. Id. at 604-05, 460 S.E.2d at 235-36. The employer, however, did not receive a discount for the parking fees and did not subsidize the cost of parking of its employees. Id. at 605, 460 S.E.2d at 236. No evidence established that the employer's workers were assigned to a particular location within the garage. Id.

We refused to apply the "extension of the premises" doctrine beyond the Supreme Court's holding in Barnes. Id. at 607-08, 460 S.E.2d at 237. We wrote that the Barnes decision was predicated on the employer's authority and control over the location of the accident. Id. Because there was no evidence that the employer required its employees to park in the garage or that the claimant was injured in an area reserved only for the employer's workers, we found that the claimant failed to prove that the employer had any control or authority over the area in which she parked. Id.

In Ramey v. Bobbitt, 250 Va. 474, 463 S.E.2d 437 (1995), the plaintiff's decedent was killed on a public street adjacent to the employer's premises while on the way to work. The employer did not provide parking for the employees, who generally parked on public streets. Id. at 476, 463 S.E.2d at 439. The Supreme Court of Virginia held that the public street was not part of the employer's premises and it was not a place where the employer expected decedent to be for employment purposes. Id. at 479, 463 S.E.2d at 440. The Court found that the case fell within the "going to and from work rule." Id. at 478, 463 S.E.2d at 440.

The claimant prevailed in Reed, 209 Va. 562, 165 S.E.2d 394, where the claimant was injured in a parking lot maintained by the employer on the employer's property. The Supreme Court of Virginia held that the parking lot was furnished as an incident of employment. Id. at 568, 165 S.E.2d 399.

In the present case, the parking lot was neither owned nor maintained by employer, and claimant was not required to park there. While employees could not park on the employer's premises, they could park any other place they chose. Employer did not pay for employees' parking, did not designate parking spaces for the employees, and the lot was not used exclusively by employees. Unlike in Reed, the parking lot was neither owned nor maintained by employer and its use was not an incident of employment. Unlike in Barnes, the accident did not occur in an

- 9 -

area specifically allocated to employer at a place where employees were required to park.

We agree with the commission's finding:

> Further, the claimant has failed to establish the requisite amount of control of the employer over the location of the accident, as required by Barnes and Gilmer. The employer did not own or maintain the lot across from its premises, the lot was not used exclusively by its workers, and no money was paid by the employer to provide access to the lot for its employees. The claimant was not assigned a particular location in which to park and, although it might have been difficult for the claimant to have parked elsewhere, there was no evidence introduced that some requirement of her employment made it necessary that she drive to work and park nearby, as opposed to walking, receiving a ride to work or parking at the home of a friend in the neighborhood. The employer's workers were made aware that there was limited parking, and the lot was offered as an alternative if an employee chose to drive to work. Further, even assuming that the claimant established the requisite authority and control, we note that the accident itself did not occur at the lot across the street, but on a public road, that was clearly not within the employer's control.

For these reasons, we find no error and affirm the commission's decision.[1]

Affirmed.

---

[1] If claimant would have met the criteria of Barnes and its progeny, the fact that she was injured on a public road leaving work and going directly to her car would not have defeated her claim. See Reed, 209 Va. 562, 165 S.E.2d 394.

- 10 -