COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Frank and Clements
Argued at Alexandria, Virginia


GLORIA B. JENKINS

                                   MEMORANDUM OPINION[*] BY
v.    Record No. 2064-01-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                           MAY 7, 2002
NATIONAL FRUIT PRODUCT COMPANY, INC.
 AND FIRST LIBERTY INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Nikolas E. Parthemos (Parthemos & Bryant,
               P.C., on brief), for appellant.

               J. David Griffin (Fowler, Griffin, Coyne,
               Coyne & Patton, P.C., on brief), for
               appellees.


     Gloria B. Jenkins (claimant) contends the Workers'

Compensation Commission (commission) erred in finding that her

accident of January 4, 2000 did not arise out of her employment

with National Fruit Product Company, Inc. (employer).  Finding

no error, we affirm the commission's decision.

                           I.  FACTS

     We view the evidence in the light most favorable to the

employer, who prevailed below.  See Westmoreland Coal v.

Russell, 31 Va. App. 16, 20, 520 S.E.2d 839, 841 (1999).  The

commission's factual findings are conclusive and binding on this

          * Pursuant to Code § 17.1-413 this opinion is not
designated for publication.

Court when those findings are based on credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989); Code § 65.2-706. "The fact that there is contrary evidence in the record is of no consequence." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

On January 4, 2000, claimant, a label machine operator for employer, began work at 5:00 p.m. and she expected to work until 3:30 or 4:30 a.m. During each shift, employer allowed employees two fifteen minute breaks and a dinner break. Employees did not "clock out" for breaks. During claimant's 6:30 p.m. break, she left her work area to put a ceramic dog she purchased from a co-worker in her car which was located in a parking lot across a public highway, Route 522. The ceramic dog had no relationship to her job or her employer. Claimant was crossing Route 522 when she was struck by a car. The extent of her injuries and her period of disability are not at issue in this case.

Claimant's car was parked in a gravel lot owned by the railroad. Employees of National Fruit were allowed to park in the railroad's gravel lot, a lot owned by employer also located across Route 522 and on the streets near the plant. The employer stated, "[I]f [the employees] park in the gravel lot, that's always at their own risk because that's owned by the railroad." Employer did not direct its workers where to park. Employer provided a parking decal for those workers who chose to

-

park in the gravel lot as a method of identification, but most employees did not use the permit.

The deputy commissioner found that the "personal comfort" doctrine applied to the instant case and held that "[i]t would be unsafe and inconvenient for an employer to have employees keeping personal items around the work area."  The commission reversed finding that neither the public street nor the adjacent parking lot met the "extended premises" requirement.

> [W]e held that injuries suffered while on a personal comfort break are compensable only if such break is taken on the premises or extended premises of the employer, or at a place or facility designated by the employer, or at a place and facility designated by the employer for such a purpose, or incidental to required travel outside the employer's premises to perform such duties.
>
> The "extended premises" rule has been analyzed by the Commission and the courts extensively relative to the "going and coming" rule."
>
>     *       *       *       *       *       *       *
>
> [T]he evidence does not establish that the parking lot was reserved for the exclusive use of the employer's workers.  The record reflects that the lot is owned by the railroad and is used by the employer's workers, but does not reflect that such use is exclusive . . .[nor] that this parking lot is maintained and controlled by employer.  No evidence was presented as to whether the employer leased this parking lot . . . and [contrary to the deputy commissioner's finding] nothing prevent[ed] employees from parking on streets adjacent to the premises. . . .

-

> [W]e find the evidence insufficient to establish that the employer controlled or maintained the public street on which the claimant was injured. Therefore, we find that the public street is not an extension of the employer's premises. Further, the evidence does not establish that either the public street or the parking lot is analogous to the sole means of ingress or egress referred to in Barnes[v. Stokes, 233 Va. 249, 355 S.E.2d 330 (1987),] and Painter[v. Simmons, 238 Va. 196, 380 S.E.2d 663 (1989)].

Claimant appealed that decision.

## II.

Appellant contends the commission erred in finding her accident did not arise out of her employment. She argues that the personal comfort doctrine controls the outcome and that the public street she had to cross to get to the parking lot was an extension of the employer's premises.

Assuming without deciding that the facts of this case establish a basis for the personal comfort doctrine, credible evidence supports the commission's finding that neither the parking lot nor the public highway were part of the employer's "extended premises."

The question of "[w]hether an accident arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing Service v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989). An injury arises out of the employment where "[t]here is apparent to the rational mind upon consideration of all the

-

circumstances, a causal connection between the conditions under which the work is required to be performed and resulting injury." Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938). "'The mere happening of an accident at the workplace, not caused by any work related risk . . . is not compensable.'" Ogden Allied Aviation v. Shuck, 17 Va. App. 53, 54, 434 S.E.2d 921, 922 (1993) (quoting Barbour, 8 Va. App. at 484, 382 S.E.2d at 306), aff'd on reh'g en banc, 18 Va. App. 756, 446 S.E.2d 898 (1994).

In Stone v. Keister's Market, 34 Va. App. 174, 538 S.E.2d 364 (2000), a factually similar case, the claimant was crossing a public highway to reach the lot where her car was parked when she was struck by a car. We held:

> [i]n the present case, the parking lot was neither owned nor maintained by employer, and claimant was not required to park there. While employees could not park on the employer's premises, they could park any other place they chose. Employer did not pay for employees' parking, did not designate parking spaces for the employees, and the lot was not used exclusively by employees. [T]he parking lot was neither owned or [sic] maintained by employer and its use was not an incident of employment.

Id. at 182, 538 S.E.2d at 368. While claimant in the instant case was on a work break, rather than leaving the workplace, this distinction is of no moment.

In Ramey v. Bobbitt, 250 Va. 474, 463 S.E.2d 437 (1995), Ramey was struck and killed by a motor vehicle on a public

-

street adjacent to his employer's premises. The Supreme Court held "[t]he public street was not in such relation to [employer's] plant that it was in practical effect part of [employer's] premises. Nor was it a place where [employer] expected Ramey to be for employment purposes." Id. at 479, 463 S.E.2d at 441.

In Hunton & Williams v. Gilmer, 20 Va. App. 603, 460 S.E.2d 235 (1995), Gilmer slipped and fell in a parking garage across the street from her office. Her employer arranged with the lot's owner to reserve a certain number of spaces for its workers and deducted the cost of the parking spaces from the employees' pay. We held that "no evidence showed that [employer's] employees were required to park in the [bank] parking garage or that Gilmer sustained her injury in an area of the parking lot reserved for [employer's] employees only. Thus, . . . no evidence disclosed any control or authority by [employer] over the area in which Gilmer parked."[1]

The instant case is controlled by the analysis of Gilmer and Stone. The parking lot at issue was neither owned nor controlled by employer. Employees were allowed, but not required, to park in the lot. Public parking was allowed on Route 522. The public highway was neither controlled nor

---

[1] Claimant contends that the Ramey and Gilmer "extended premises" analysis should be limited to the initial arrival and departure from work, and not to an employee excursion during normal work hours. We find no support for that limitation.

-

maintained by employer and was not the sole means of ingress and egress to the workplace.[2]  Thus, credible evidence supports the commission's finding that claimant's injury did not arise out of her employment.  The decision of the commission is affirmed.

Affirmed.

---

[2] We note that Stone also makes clear that the situs of the accident as a public highway is not dispositive.  "If claimant would have met the criteria of Barnes and its progeny, the fact that she was injured on a public road leaving work and going directly to her car would not have defeated her claim."  Stone, 34 Va. App. at 183 n.1, 538 S.E.2d at 369 n.1.