COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Beales and Alston
Argued at Richmond, Virginia


JUANITA M. WASHINGTON
                                                    MEMORANDUM OPINION* BY
v.        Record No. 0467-17-2                      JUDGE RANDOLPH A. BEALES
                                                    OCTOBER 24, 2017

HONEYWELL INTERNATIONAL, INC. AND
  XL INSURANCE AMERICA, INC.


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Suzette L. Hutchens (Hutchens & Hutchens, P.C., on brief), for
            appellant.

            Kathryn Spruill Lingle (Midkiff, Muncie & Ross, P.C., on brief), for
            appellees.


        Juanita M. Washington ("claimant") appeals from a decision of the Workers'

Compensation Commission ("the Commission") denying her benefits for injuries received while

crossing a public street that separates her employer's plant from a parking lot maintained by her

employer.  Appellant contends that the Commission erred (1) "in finding that the public street

was not a part of the employer's 'extended premises'" and (2) "in finding that the exception of

the 'coming and going' rule, where the way used is the sole and exclusive way of ingress and

egress with no other way, does not apply in this case."  For the reasons that follow, we affirm the

Commission's decision.

                                    I. BACKGROUND

        Claimant worked as a Chemical-A Operator at Honeywell International, Inc.

("Honeywell").  At approximately 7:00 p.m. on November 1, 2014, claimant left Honeywell's

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

powerhouse building on the North Side of Honeywell's premises. On the way to the North Parking Lot, claimant was struck by a motor vehicle as she crossed Industrial Street, a two-way public street in the City of Hopewell.

Claimant parked in the North Parking Lot because it was the parking lot closest to the powerhouse. Honeywell maintained the North Parking Lot, and provided it exclusively for its employees. However, Honeywell's employees were not issued decals or assigned spaces to park. They were only instructed not to park in spaces reserved for visitors.

Honeywell also maintained several additional lots where claimant was permitted to park. Although the other parking lots were farther from claimant's work area, claimant would not have needed to cross Industrial Street if she parked in one of those lots. While Michael Hanes, manager for Honeywell's powerhouse and sulfuric acid plant, testified that most employees who worked on the North Side of the premises typically parked in the North Parking Lot, he also testified, however, that they did not need to do so as they had other Honeywell-provided parking options.

Industrial Street is a public street in the City of Hopewell. Honeywell played no role in the maintenance or control of the street. In addition to Honeywell, other companies have premises along Industrial Street, and their employees also used the street to travel to and from work.

In his May 23, 2016 opinion, Deputy Commissioner Roach found that claimant's injuries were not compensable because (1) none of the three exceptions of the "coming and going" rule applied and (2) the public street could not be considered a part of the employer's extended premises. Claimant requested review of the deputy commissioner's decision, and the full Commission affirmed that decision in a 2-1 holding, with Commissioner Marshall dissenting. This appeal followed.

II.  ANALYSIS

A.  STANDARD OF REVIEW

A finding by the Commission that an injury arose out of and in the course of employment is a mixed question of law and fact, which this Court reviews *de novo*.  Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001).  "[T]his Court is bound by the commission's factual findings so long as they are supported by credible evidence, even if 'contrary evidence may be found in the record.'"  Va. Emp't Comm'n v. Hale, 43 Va. App. 379, 385, 598 S.E.2d 327, 330 (2004) (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)).  The claimant has the burden of proving that his injury arose out of and in the course of his employment.  Wetzel's Painting & Wallpapering v. Price, 19 Va. App. 158, 160, 449 S.E.2d 500, 501 (1994).

B.  EXTENDED PREMISES

Claimant contends that her injury is compensable because Industrial Street was part of Honeywell's "extended premises."

Under the "extended premises" doctrine, the law recognizes that "[e]mployment . . . cannot be rigidly limited by the walls of the specific space that constitute the workplace."  Prince v. Pan American World Airways, 6 Va. App. 268, 271, 368 S.E.2d 96, 97 (1998).

> [E]mployment includes not only the actual performance of the work, but also "a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done."  . . . [I]f an employee sustains an injury while passing, with the express or implied consent of the employer, to or from his or her work by a way over the employer's premises, "or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises," the injury is as causally related to the employment as if it had been sustained while the employee was engaged in work at the place of its performance.

Id. at 271-72, 368 S.E.2d at 97 (quoting Barnes v. Stokes, 233 Va. 249, 252, 355 S.E.2d 330, 331 (1987)).  Thus, for the extended premises doctrine to apply, this Court would have to conclude

that the public street claimant was crossing at the time of her injury was in practical effect a part of Honeywell's premises. However, credible evidence supports the Commission's finding that the public street was not part of the employer's "extended premises."

The extended premises doctrine has been primarily utilized in two categories of cases – cases involving walkways and cases involving parking lots. In the walkway cases, for the area to be considered the employer's extended premises, the employer must generally have "some kind of right of passage, as in the case of common stairs, elevators, lobbies, vestibules, concourses, hallways, walkways, ramps, footbridges, driveways, or passageways through which the employer has something equivalent to an easement." Id. at 273-74, 368 S.E.2d at 98 (quoting 1 A. Larson, Workmen's Compensation Law § 15.43 (1985)). See id. at 274, 368 S.E.2d at 98 (holding employee's injury from slip on walkway five feet from building where employer's offices were located was compensable because "the walkway was a common avenue of passage over the grounds and an essential means of ingress and egress from the public right-of-way to [the employer's] place of business"); see also Painter v. Simmons, 238 Va. 196, 199, 380 S.E.2d 663, 665 (1989) (private road was employer's extended premises where it was "an acknowledged route of egress and ingress to and between the employer's facilities"); Wetzel's, 19 Va. App. at 161, 449 S.E.2d at 502 (holding concrete apron where claimant was injured was employer's extended premises because it was "a common means of passage over the grounds to the house and an essential means of ingress and egress from the public street to the house where the work was to be performed").

Here, the evidence in the record supports the Commission's finding that the public road where claimant was injured was not part of the employer's premises because Honeywell did not have a "right of passage" across Industrial Street, nor was Industrial Street an essential means of ingress and egress for Honeywell's employees. Honeywell did not require its employees to park

- 4 -

in the North Parking Lot, and it provided several other parking areas where employees could park. If claimant had parked in one of the other lots, she would not have needed to cross Industrial Street.

Claimant also relies on several parking lot cases to support her contention that the public street was part of Honeywell's extended premises. However, claimant's injury did not occur in the parking lot, and applying the principles articulated in those cases would not support claimant's position. Those cases require the employer to own, maintain, control, or otherwise exercise responsibility over the location where the accident occurred. Where the parking lot is not owned or maintained by the employer, an employer creates control over the lot by requiring or directing employees to park there. Cleveland v. Food Lion, L.L.C. # 0578, 43 Va. App. 514, 520, 600 S.E.2d 138, 141 (2004) ("By specifically designating an area 'employee parking' and requiring its employees to park there, an employer is making that area part of its 'extended premises' through its control of the use of that area by its employees." (citing Barnes, 233 Va. at 253, 355 S.E.2d at 332)); see Hunton & Williams v. Gilmer, 20 Va. App. 603, 608, 460 S.E.2d 235, 237 (1995) (holding claimant's injuries not compensable because Hunton & Williams did not control or have any authority over the area of the parking garage where employee was allowed to park – but not required to park).

It is undisputed that Honeywell did not own or maintain the public street where claimant was injured. In addition, Honeywell did not exercise control over the street by requiring or directing its employees to cross the street to use the North Parking Lot. Therefore, Honeywell did not own, maintain, or control the situs of the injury, and it is not part of Honeywell's extended premises.

In concluding that claimant's injuries were not compensable, the Commission found Ramey v. Bobbitt, 250 Va. 474, 463 S.E.2d 437 (1995), controlling. We agree. In Ramey, the

- 5 -

claimant, a Pepsi employee, was killed when he was struck by a vehicle while crossing a public street adjacent to his employer's premises. Id. at 476-77, 463 S.E.2d at 439. Claimant's employer did not provide parking lots for its employees. Id. at 476, 463 S.E.2d at 439. Instead, employees generally parked on one of three nearby public streets. Id. On the day of the accident, claimant had parked his vehicle on one of these streets and was walking to work when he was struck by the vehicle. Id. at 476-77, 463 S.E.2d at 439.

In holding that claimant's injuries were not covered by the Workers' Compensation Act ("Act"), the Supreme Court explained that:

> [t]he fact that Ramey was killed on a public street places the present case beyond the scope of Barnes[, 233 Va. 249, 355 S.E.2d 330] and Painter[, 238 Va. 196, 380 S.E.2d 663]. The public street was not in such relation to Pepsi's plant that it was in practical effect part of Pepsi's premises. Nor was it a place where Pepsi expected Ramey to be for employment purposes.

Id. at 479, 463 S.E.2d at 440.

Similarly, here, claimant's injury occurred on a public street as she crossed to the parking lot. As in Ramey, there were several places where claimant could have parked. Claimant was not required to park in the North Parking Lot nor was she required to cross Industrial Street. Therefore, as in Ramey, claimant was not in a place where she was expected to be for employment purposes when she was stuck by the motor vehicle. Furthermore, neither this Court nor the Supreme Court of Virginia has ever held that a public street, separating an employer-maintained parking lot and an employer's premises, is part of the employer's extended premises. For all of these reasons, we affirm the Commission's conclusion that Industrial Street was not part of Honeywell's extended premises.

## C. The "Coming and Going" Rule

Generally, an employee "going to or from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment."

Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 190, 355 S.E.2d 347, 347 (1987) (quoting

Boyd's Roofing Co. v. Lewis, 1 Va. App. 93, 94, 335 S.E.2d 281, 282 (1985)).  There are three

recognized exceptions to this rule:

> First:  Where in going to and from work the means of
> transportation is provided by the employer or the time consumed is
> paid for or included in the wages.
>
> Second:  Where the way used is the sole and exclusive way of
> ingress and egress with no other way, or where the way of ingress
> and egress is constructed by the employer.
>
> Third:  Where the employee on his way to or from work is still
> charged with some duty or task in connection with his
> employment.

Id. at 191, 355 S.E.2d at 348.  Claimant argues that her injury was compensable because her trip

to the parking lot falls within the second exception to the "coming and going" rule.

As noted *supra*, Industrial Street was not the "sole and exclusive way of ingress and

egress with no other way," for claimant to reach her place of work.  Claimant was permitted to

park in any of the several parking lots made available by Honeywell.  If claimant had parked in

another Honeywell parking lot, she would not have needed to cross Industrial Street.  Thus,

claimant's route was not the sole and exclusive way of ingress and egress, and claimant's

situation does not fit within the exception.

### III.  CONCLUSION

In short, the public street that claimant was crossing when she was struck was not an

extension of the employer's premises, and claimant did not meet the second exception of the

"coming and going" rule.  Consequently, we affirm the decision of the Commission.

Affirmed.