# BRENDA A. BARNES

## V.

# WILLIAM H. STOKES, III

Record No. 831729

April 24, 1987

Present: Carrico, C.J., Cochran,* Poff, Compton, Stephenson, Russell, and Thomas, JJ.

* Justice Cochran participated in the hearing and decision of this case prior to the effective date of his retirement on April 20, 1987.

*Conrad J. Marshall (Ross J. Kellas*, on brief), for appellant.
*J. Jay Corson, IV (Stephen W. Robinson; Boothe, Prichard &
Dudley*, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this negligence case, the plaintiff asserts she was injured
when struck by a motor vehicle operated by a fellow employee in
a parking lot adjacent to their place of employment while both
were departing from work. The sole issue on appeal is whether the
trial court correctly ruled that the plaintiff's exclusive remedy was
under the Workers' Compensation Act (the Act), Code §§ 65.1-1
to -163.

The facts are undisputed. The accident occurred on August 12, 1980, about 5:05 p.m., on a privately owned parking lot in Fairfax County. Appellant Brenda A. Barnes, the plaintiff below, was walking across the lot when she was struck by a motor vehicle operated by appellee William H. Stokes, III, the defendant below.

Barnes and Stokes were employed by Dewberry & Davis, a firm of consulting civil engineers, whose offices were located in a two-story office building next to the parking lot in question. The plaintiff and defendant had just completed their work day and were leaving their place of employment at the time of the accident.

The employer, which carried workers' compensation insurance, leased the entire second floor of the building as a subtenant. Although the parking lot was neither owned nor maintained by the employer, Dewberry & Davis was "allocated a certain portion of the parking lot" sufficient for all its employees at that location to park and was "specifically requested" to require its employees to park their vehicles in the designated area. The accident occurred in the area allocated to the employer.

The record does not adequately describe the size of the lot. At one point, the lot is referred to as "very large." Inferior copies of photographs of the lot were received as trial exhibits. From an examination of the exhibits, the lot appears to contain in excess of 50 vehicular parking spaces.

In April 1982, the plaintiff filed the present action, alleging the defendant was guilty of negligence which proximately caused her injuries. Subsequently, defendant filed a plea to the jurisdiction, asserting the plaintiff's sole remedy was under the Act. Following a hearing, the trial court sustained the plea and dismissed the action. We awarded the plaintiff this appeal from the July 1983 final order.

In cases of this kind, the essential question is whether the injury was one, in the language of the Act, "arising out of and in the course of the employment." Code § 65.1-7. If that query is answered in the affirmative, the employee's exclusive remedy is under the Act. Code § 65.1-40.

■ Generally, an employee going to and from his or her place of employment is not engaged in any service growing out of and incidental to the employment. *GATX Tank Erection Co.* v. *Gnewuch*, 221 Va. 600, 603-04, 272 S.E.2d 200, 203 (1980); *Kent* v. *Virginia-Carolina Chemical Co.*, 143 Va. 62, 66, 129 S.E. 330, 331-32 (1925). In recent years, this Court has discussed in two

cases an exception to the foregoing general rule in situations where the injury occurred on a parking lot owned by the employer.

In *Brown* v. *Reed*, 209 Va. 562, 165 S.E.2d 394 (1969), relied upon by the defendant and the trial court, we held the injury arose out of and in the course of the employment when the plaintiff, who was reporting to work, was struck in the employer's parking lot by the defendant, a fellow employee who was in the process of leaving the place of employment. In *Fouts* v. *Anderson*, 219 Va. 666, 250 S.E.2d 746 (1979), relied on by the plaintiff, we held there was no causal connection between that plaintiff's work and his injury when he left the employer's parking lot after completing his workday, returned to the lot solely on a personal mission, and was negligently injured by the defendant, a fellow employee.

Here, plaintiff argues that the trial court erred in relying on *Brown* and refusing to permit her to prosecute her common-law action for damages, emphasizing that her employer neither owned nor maintained the parking lot where the injury occurred. We disagree with the plaintiff's contention.

In *Brown* we noted there is no concept of "instantaneous exit" from a place of employment immediately upon termination of work. 209 Va. at 565, 165 S.E.2d at 397. Quoting from *Bountiful Brick Co.* v. *Giles*, 276 U.S. 154 (1928), we said that employment includes not only the actual performance of the work, but also "a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done." 209 Va. at 565, 165 S.E.2d at 397 (internal quotation marks omitted). Apropos this case and again quoting from *Giles*, we stated that if an employee sustains an injury while passing, with the express or implied consent of the employer, to or from his or her work by a way over the employer's premises, "or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises," *id.*, the injury is as causally related to the employment as if it had been sustained while the employee was engaged in work at the place of its performance.

In the present case, while the situs of injury was not on property owned or maintained by plaintiff's employer, nevertheless it was on premises of another that were in such proximity and relation to the space leased by the employer as to be in practical effect the employer's premises. Even though the evidence showed that members of the public who were visiting other tenants in the

office building could park randomly on the lot in question, the accident sued upon occurred in the area specifically allocated to the employer and at the place where the employees were required to park their vehicles.

As we said in *Brown*, a parking area adjacent to a work site is a valuable fringe benefit for employees. Because that convenience reduces tardiness and enhances the desirability of a particular workplace, such a facility also benefits the employer. *Id.* at 566, 165 S.E.2d at 398. Thus, consistent with the philosophy of workers' compensation, industry properly should be charged with the expense of injury which, as here, occurs at a place furnished as an incident to the employment and happens at a time when employees reasonably can be expected to use the designated area, even though the specific location is not owned or maintained by the employer.

Consequently, we hold that the plaintiff's injury arose out of and in the course of her employment, and that the trial court properly sustained the plea to the jurisdiction. Therefore, the judgment in favor of the defendant will be

*Affirmed.*