COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Bray
Argued at Norfolk, Virginia


HUNTON & WILLIAMS
 and VIGILANT INSURANCE COMPANY

v.   Record No.  2437-94-4              OPINION BY
                                 CHIEF JUDGE NORMAN K. MOON
SUE S. GILMER                        AUGUST 8, 1995


                                    FROM THE VIRGINIA
WORKERS' COMPENSATION COMMISSION

            Charles P. Monroe (Frank R. Kearney; Mell,
            Brownell & Baker, on brief), for appellants.

            Karen M. Rye (Melody L. Cockrell, on brief),
            for appellee.


     Hunton & Williams and Vigilant Insurance Company
("appellant") appeal a decision of the Virginia Workers'
Compensation Commission awarding benefits to Sue S. Gilmer for
injuries she sustained when she slipped on ice and fell while
walking from her parking space to her place of employment.
Appellant argues that the commission erred in awarding Gilmer
compensation because the "going and coming" rule barred a
determination by the commission that Gilmer suffered an injury by
accident arising out of and in the course of employment.  We
agree and reverse the commission's ruling.

     The evidence established that Gilmer worked as a legal
secretary for Hunton & Williams, which had offices in Crestar
Bank's downtown Norfolk building.  On February 2, 1994, shortly
before 8:30 a.m., Gilmer arrived at the Crestar Bank parking
garage, across the street from the bank building.  Snow was

falling and a light coating of snow covered the garage deck where Gilmer parked. As Gilmer walked down a ramp from the level on which her car was parked to the next level, she slipped on ice and fell, injuring her back.

Hunton & Williams neither owns nor maintains the parking garage. Gilmer had a regular parking space in the garage for which she paid seventy dollars per month via a payroll deduction from her earnings at Hunton & Williams. She was not required to park in the Crestar garage.

Crestar Bank permits Hunton & Williams's employees to park in the Crestar garage because Hunton & Williams is a tenant of Crestar Bank. Crestar requires Hunton & Williams to pay by one check for the parking of all its employees who park in Crestar's garage. However, Hunton & Williams does not receive a group rate parking discount from Crestar and does not subsidize parking for its employees. Rather, Hunton & Williams deducts the cost of parking from each employee's paycheck.

Hunton & Williams informed all of its employees that though they were not required to park in the Crestar garage, they might do so if space was available. The record does not reveal whether Crestar designated a certain area in the garage to be used exclusively by employees of Hunton & Williams. The record also does not reveal whether members of the general public were allowed to park in Crestar's garage or whether parking was restricted to customers and employees of Crestar and its tenants.

The Supreme Court of Virginia drew a "bright line" at the

employer's door in Brown v. Reed, 209 Va. 562, 565, 165 S.E.2d 394, 397 (1969), when it held that if an employee is injured while going to and from his work and while on the employer's premises, the injury is treated at law as though it happens while the employee is engaged in his work at the place of its performance.  See also Jones v. Colonial Williamsburg Found., 8 Va. App. 432, 437-38, 382 S.E.2d 300, 303 (1989), aff'd en banc, 10 Va. App. 521, 392 S.E.2d 848 (1990).  Virginia is among a majority of states that now consider parking lots owned by the employer or maintained by the employer for its employees part of the "premises," whether within or separated from company premises.  See 1 Arthur Larson, The Law of Worker's Compensation, § 15.42(a), 4-104 (1995); see also Reed, 209 Va. at 565, 165 S.E.2d at 397; Painter v. Simmons, 238 Va. 196, 380 S.E.2d 663, 665 (1989).

In Barnes v. Stokes, 233 Va. 249, 355 S.E.2d 330 (1987), the Supreme Court affirmed a circuit court ruling barring a personal injury suit brought by an employee who was injured when struck by a motor vehicle operated by a fellow employee in a parking lot adjacent to their place of employment while both were departing from work.  The Court extended the exception to the general rule of "going and coming" to cover a section of a parking lot that was neither owned nor maintained by the employer, but was used exclusively, at the owner's direction, by the employees of the employer.  The Court held that the employee's exclusive remedy was under the Worker's Compensation Act because she

> sustain[ed] an injury while passing, with the express
> or implied consent of the employer, to and from [her]
> work by a way . . . "over [the premises] of another in
> such proximity and relation as to be in practical
> effect a part of the employer's premises."

Id. at 252, 355 S.E.2d at 331 (other citation omitted).

In the present case, appellant argues that the commission's decision, which relies on one of its earlier rulings, Agee v. Alexis Risk Management, 69 O.I.C. 84 (1990), is contrary to Virginia case law on the subject of parking lots. In Agee, the commission considered whether Agee, who slipped on ice at a street intersection while walking to her office from a parking lot not owned by the employer, had suffered an injury by accident arising out of and in the course of her employment. The employer had made arrangements for its employees to park in a particular lot but did not require them to park there. The employer collected the monthly parking fees from its employees and turned the checks over to the lot's owner. The employer received no group discount for parking but collected the checks as a courtesy to the employees. The evidence showed that Agee used the most direct path from her parking space to the building entrance.

The commission held that Agee's accident had arisen out of and in the course of employment. The commission concluded:

> The evidence and facts of this record when considered
> with the precedent cited lead us to conclude that the
> parking spaces were provided by the employer for the
> use of its employees, including Agee, and that the
> parking lot and direct path between it and the
> employee's worksite are reasonable extensions of the
> employer's premises.

Id. at 88.

- 4 -

Relying on Agee, the commission ruled in the present case that Gilmer was entitled to compensation.

> By providing parking facilities for its employees through coordination of a leasing arrangement with Crestar, Hunton & Williams facilitated the use of those facilities and encouraged participation, even if it was not required and even if the employee had to pay her share of the actual cost of the parking lease. Both the employee and the employer benefitted from this arrangement, in that the employee would have [a] guaranteed parking space in the crowded business area and she would not be late for work because she had to find and obtain a parking space not otherwise immediately available. Agee appropriately extends the business premises of the employer to those parking areas where arrangements for use by the employee have been made and are so utilized.

Both Agee and the commission's decision in the present case go beyond the rule established in Barnes. In holding that the situs of Barnes's injury brought his accidental injury within the scope of compensation, the Court stressed the fact that the parking area in which Barnes was injured was a designated area reserved for the employer's employees only.

> Even though the evidence showed that members of the public who were visiting other tenants in the office building could park randomly on the lot in question, the accident sued upon occurred in the area specifically allocated to the employer and at the place where the employees were required to park their vehicles.

Barnes, 233 Va. at 252-53, 355 S.E.2d at 332. In the present case, no evidence showed that Hunton & Williams's employees were required to park in the Crestar parking garage or that Gilmer sustained her injury in an area of the parking lot reserved for Hunton & Williams's employees only. Thus, unlike in Barnes, no evidence disclosed any control or authority by Hunton & Williams

over the area in which Gilmer parked.

We note that the parking lot rule is one of the exceptions to the rule that bars compensation for injuries not on the employer's premises.  This exception, unlike others, is based on the range of risk of the employment, not the rule of respondent superior.  This is because the employer does not necessarily control the employee during the critical period, nor is the employee being paid wages during this time.

> [I]t is not proximity, or reasonable distance, or even the identifying of surrounding areas with the premises:  it is simply that, when a court has satisfied itself that there is a distinct "arising out of" or causal connection between the conditions under which claimant must approach and leave the premises and the occurrence of the injury, it may hold that the course of employment extends as far as those conditions extend.

Larson, supra § 15.15, 4-73 (emphasis added).

In holding the injury compensable in Barnes, the Supreme Court satisfied itself that there was a causal connection between the conditions under which Barnes had to approach and leave the premises and the occurrence of the injury.  In doing so, the Court established the extent to which compensation is to be awarded to claimants for injuries occurring in parking lots neither owned nor maintained by the employer.  The Crestar parking garage may have been convenient for Hunton & Williams's employees and, therefore, valuable to Hunton & Williams.  However, absent the conditions noted in Barnes, the Workers' Compensation Act does not apply.

Reversed.