452

# CIRCUIT COURT OF ROCKINGHAM COUNTY

Linda M. Lilly

v.

Crystal Strawderman

May 27, 2004

Case No. CL02-12883

BY JUDGE JOHN J. MCGRATH, JR.

This matter is before the Court on the "Motion to Dismiss Based on a Plea of Jurisdiction" filed by the Defendant and the underinsured motorist carrier. The basis of the motion is that this case involves an automobile accident between co-workers in a company parking lot and, therefore, exclusive jurisdiction is vested in the Workers' Compensation Commission pursuant to § 65.1-307 of the Code of Virginia.

*Facts*

The parties have stipulated that Plaintiff and Defendant were employees of CCL Container, Inc., on June 17, 2000. Both Plaintiff and Defendant worked the 6:00 a.m. to 6:00 p.m. shift on that day, and the collision between their cars occurred in the company parking lot at approximately 6:05 p.m.

CCL Container, Inc., was an employer within the meaning of the Workers' Compensation Act and had a workers' compensation insurance policy in effect at the time of the accident. Neither Plaintiff nor Defendant applied for or received workers' compensation benefits. The Motion for Judgment in this action was filed on May 23, 2002.

## Legal Analysis

It is well settled in Virginia jurisprudence that, when an injury occurs between co-workers in a company owned parking lot and the employees are on the clock or the accident occurs shortly before or after their shifts, the employees' exclusive remedy is under the Workers' Compensation Act. *E.g., Barnes v. Stokes,* 233 Va. 249 (1987); *Brown v. Reed,* 209 Va. 562 (1969); *Graves v. Cook,* 2002 U.S. Dist. LEXIS 6794 (W.D. Va. 2002).

Plaintiff concedes that the above referenced cases are controlling but argues that the Defendant is estopped from raising the exclusivity bar of the Workers' Compensation Act. The basis of the Plaintiff's estoppel claim is that the defendant insurance carrier paid med-pay benefits under its automobile liability policy and waited to raise the bar until the Plaintiff's ability to claim workers' compensation benefits had passed.

Defendant, on the other hand, claims that estoppel may not be asserted as a defense because her motion is a claim of lack of jurisdiction and that neither can a lack of subject matter jurisdiction be waived nor can a party be estopped from raising it.

The appellate courts have recently taken pains to distinguish whether a court's orders are void or voidable for want of subject matter jurisdiction or the Court's lack of authority to adjudicate the matter. See, *e.g., Rose v. Commonwealth,* 265 Va. 430 (2003); *Nelson v. Warden of the Keen Mountain Correction Center,* 262 Va. 276 (2001); *Watkins v. Fairfax County Dept. of Family Services,* 42 Va. App. 760 (2004); *DeAvies v. DeAvies,* 42 Va. App. 342 (2004). It is true that circuit courts have general jurisdiction to hear personal injury actions. (Section 17.1-513 of the Code of Virginia.) However, it is equally true that the legislature has effectively withdrawn a part of that jurisdiction by enacting § 65.2-307 of the Code, which states:

> *Employees' rights under Act exclude all others.* – A. The rights and remedies herein granted to an employee when his employer and he have accepted the provisions of this title respectively to pay and accept compensation on account of injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death.

The cases which deal with the workers' compensation bar or exclusivity provision are not completely consistent in their description of the bar as

being jurisdictional or as being in the nature of a plea in bar. *Compare Nelson v. United States Postal Service*, 189 F. Supp. 2d 450 (W.D. Va. 2003) (Appropriate method to raise Virginia workers' compensation bar is a motion under Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and not by a Motion for Summary Judgment), *with Graves v. Cook*, 2002 U.S. Dist. LEXIS 6794 (W.D. Va. 2002) (Proper means of raising workers' compensation bar is not by Fed. R. Civ. P. 12(b)(1) but by a motion under 12(b)(6) (failure to state a claim on which relief can be granted) because it is not a plea of lack of subject matter jurisdiction). If the bar is not jurisdictional, it could conceivably be defeated by a claim of waiver of estoppel.

The Virginia Courts, although not directly addressing the issue, appear to have treated the workers' compensation bar or exclusivity provision as being a plea of lack of jurisdiction. For example, in *Barnes v. Stokes*, 233 Va. 249 (1987), the Supreme Court concluded its ruling with the following statement:

> Consequently, we hold that the plaintiff's injury arose out of and in the course of her employment and that the trial court properly sustained *the plea to the jurisdiction*. Therefore, the judgment in favor of the defendant will be *affirmed*.

*Id.* at p. 253 (emphasis added).

Similarly, the cases which speak of "Plaintiffs' rights and remedies ... are exclusively those provided under the Virginia Workmen's Compensation Act," *Brown v. Reed, supra*, at p. 568, treat the matter as one where jurisdiction has been withdrawn from the circuit courts.

These authorities compel the Court to conclude that the Defendant's "Motion to Dismiss Based on a Plea of Jurisdiction" is directed to the subject matter of the Court. Therefore, this issue can be raised at any time and is not subject to waiver or estoppel.

Therefore, it is ordered, adjudged, and decreed that Defendant's Motion to Dismiss Based on a Plea of Jurisdiction is granted and the Motion for Judgment is hereby dismissed without prejudice.

The Clerk is directed to send attested copies of this Opinion and Order to William W. Helsley, Esquire, counsel for Plaintiff, to Jason J. Ham, Esquire, counsel for Defendant, and to Terry Lynn, Esquire, counsel for Cincinnati Insurance Co.