FITZPATRICK, Chief Judge.
Donna Cleveland (claimant) contends the Workers’ Compensation Commission (commission) erred in finding that her accident of June 5, 2002 did not arise out of her employment with Food Lion (employer). Finding no error, we affirm the commission’s decision.
I. FACTS
We view the evidence in the light most favorable to the employer, who prevailed below. See Westmoreland Coal v. Russell, 31 Va.App. 16, 20, 520 S.E.2d 839, 841 (1999). The commission’s factual findings are conclusive and binding on this Court when those findings are based on credible evidence. See James v. Capitol Steel Constr. Co., 8 Va.App. 512, 515, 382 S.E.2d 487, 488 (1989), and Code § 65.2-706.
Employer was one of five stores located in a strip mall that used a common parking area.[1] Employer was not responsible *517 for the maintenance of the lot, but did collect shopping carts from several “corrals” or collection points located in the lot. Each corral occupied an area approximately the size of one parking place. Employees did not have a designated place to park and were allowed to park anywhere in the lot. They were asked to leave the spaces near the store for customer use. The parking lot was separated from the stores in the strip mall by traffic lanes that allowed ingress and egress for all the stores. A storm drain surrounded by concrete was embedded in the asphalt of the parking lot at the edge of the traffic lanes and at the end of the aisle between rows of parking places.
On June 5, 2002, claimant, a front-end worker for employer, parked her car in the parking lot and walked toward the store entrance to begin her shift. As She neared the store, it began to rain and she ran toward the store. As she started to cross the traffic lane in front of the store, she tripped on gravel surrounding the storm drainage grate and injured her knee. The extent of her injuries and her period of disability are not at issue in this appeal.
The deputy commissioner found that:
the conditions of the lot in conjunction with the claimant’s hastening as a result of the weather caused her injury. Nonetheless, she was in an area that was available to the customers and employees of all the tenants of the shopping *518 center. This area cannot reasonably be considered an extension of the employer’s premises.
Claimant appealed to the commission, and they agreed:
[Claimant] fell as she was about to enter a traffic lane in the parking lot. The lot was provided for the use of employees and customers of at least five stores. At the time of her fall, she was a considerable distance from any of the stores. On the facts of this case, we find that the site of injury by accident was not in such close proximity to the building that it was “in effect” a part of the employer’s premises.
Claimant appealed that decision.
II.
Appellant contends the commission erred in finding her accident did not arise out of her employment. She argues that the parking lot was part of the employer’s premises for the purpose of Workers’ Compensation Act coverage. Credible evidence supports the commission’s finding that the parking lot was not part of the employer’s “extended premises.”
The question of “[w]hether an accident arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court.” Plumb Rite Plumbing Service v. Barbour, 8 Va.App. 482, 483, 382 S.E.2d 305, 305 (1989). An injury arises out of the employment where “[t]here is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.” Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938).
As a general rule, “an employee going to or from the place where [her] work is to be performed is not engaged in performing any service growing out of and incidental to [her] employment.” Kendrick v. Nationwide Homes, Inc., 4 Va.App. 189, 190, 355 S.E.2d 347, 347 (1987) (quoting Boyd’s Roofing Co. v. Lewis, 1 Va.App. 93, 94, 335 S.E.2d 281, 282 (1985)). Thus, an injury sustained while traveling to or from work is generally not compensable. Id. at 190-91, 355 *519 S.E.2d at 347. An accidental injury sustained when the employee is “going to” work does not arise “in the course of’ the employment simply because the employee at that time and place is not yet “on the job.” There are, however, three exceptions to this rule: (1) where the means of transportation used to go to and from work is provided by the employer or the employee’s travel time is paid for or included in wages; (2) where the way used is the sole means of ingress and egress or is constructed by the employer; and (3) where the employee is charged with some duty or task connected to his employment while on his way to or from work. Id. at 191, 355 S.E.2d at 347-48.
Sentara Leigh Hospital v. Nichols, 13 Va.App. 630, 636, 414 S.E.2d 426, 429 (1992). See also Blaustein v. Mitre Corporation, 36 Va.App. 344, 550 S.E.2d 336 (2001), and Kendrick, 4 Va.App. 189, 355 S.E.2d 347.
The determination that a parking lot, neither owned nor controlled by employer, is part of the employer’s “extended premises” rests on a combination of criteria, including but not limited to proximity, authority, and responsibility for maintenance. However, like the commission, we agree that the rationale of Hunton & Williams v. Gilmer, 20 Va.App. 603, 460 S.E.2d 235 (1995), controls the outcome of the instant case and excludes claimant from coverage. Gilmer was allowed, but not required, to park in a garage across the street from her employer, and the cost of the parking was deducted from her wages. We held on those facts that “no evidence showed that [employer’s] employees were required to park in the [bank] parking garage or that Gilmer sustained her injury in an area of the parking lot reserved for [employer’s] employees only. Thus, ... no evidence disclosed any control or authority by [employer] over the area in which Gilmer parked.” Id. at 607-08, 460 S.E.2d at 237.
In reversing the commission’s award of compensation to Gilmer, we distinguished Barnes v. Stokes, 233 Va. 249, 355 S.E.2d 330 (1987), relied on by claimant in this ease. We noted that “[t]he Court extended the exception to the general *520 rule of ‘going and coming’ to cover a section of a parking lot that was neither owned nor maintained by the employer, but was used exclusively, at the employer’s direction, by the employees....” Gilmer, 20 Va.App. at 606, 460 S.E.2d at 236 (emphasis added). Thus, the situs of Barnes’ injury was deemed controlling because “the parking area in which Barnes was injured was a designated area reserved for the employer’s employees only.” Id. at 607, 460 S.E.2d at 237.
In Barnes, the employer controlled the use of the parking area. Food Lion did not. In Barnes the employer was, by lease, given a specific area large enough to accommodate its entire staff at that location and required its employees to park in that area. Food Lion was not allocated a specific area and did not control where its employees parked. In Barnes, the measure of control over the employees’ method of ingress and egress was determined by the employer. By specifically designating an area “employee parking” and requiring its employees to park there, an employer is making that area part of its “extended premises” through its control of the use of that area by its employees.
Here, as in Gilmer, employees were allowed, but not required to park in the lot. The general public used the lot, and it was neither controlled nor maintained by employer. Claimant was injured in a common area on the other side of a traffic lane used by all tenants and customers of the shopping center. In the instant case, the claimant’s route from her car to the location of the accident was the same as that of any member of the public. The common area was not “an essential means of ingress and egress from the public right-of-way.” It is undisputed that claimant was on her way to work when the accident occurred and the “extended premises” exception to the “going and coming” rule is not applicable in this situation. The evidence failed to prove that the traffic lane from the parking lot to the store was the “extended premises” of employer.
Lastly, claimant relies on Prince v. Pan American World Airways, 6 Va.App. 268, 368 S.E.2d 96 (1988), to support her claim. This reliance is misplaced. Prince was injured on a *521 sidewalk approximately five feet from the building’s entrance where the employees were funneled into the door. Id. at 270, 368 S.E.2d at 97. On those facts, we held that:
the walkway was a common avenue of passage over the grounds and an essential means of ingress and egress from the public right-of-way to Pan Am’s place of business. As such, it constituted the premises of another in such proximity and relation as to be in practical effect a part of the employer’s premises.
Id. at 274, 368 S.E.2d at 98 (internal quotations and citations omitted). In the instant case, the traffic lane or parking lot is not the equivalent of the sidewalk entry adjacent to a workplace which made it in “practical effect” a part of employer’s premises.
Thus, credible evidence supports the commission’s finding that claimant’s injury did not arise out of her employment. The decision of the commission is affirmed.

Affirmed.

. Article 7(A) of the employer's lease states in pertinent part:
*517 Parking and Common Area. Landlord hereby dedicates and grants to Tenant, its employees, agents, suppliers, customers and invitees a non-exclusive right to use, ... all the Common Area. The Common Area shall be used for parking and for ingress and egress between the Demised Premises and all other areas of the Shopping Center and the adjoining streets, alleys and sidewalks. ... 1. Parking Area. ... Landlord covenants and agrees at all times during the Lease Term to provide and maintain a surfaced parking area----2. Common Area, In General. ... Landlord covenants and agrees to operate and maintain in good condition all of the Common Area, and to provide all reasonable services therefore, including, without limitation, safeguarding, cleaning and sweeping, snow and ice removal, lighting, landscaping, general repair and maintenance, repainting, striping, watering and maintenance of the Common Area.