COURT OF APPEALS OF VIRGINIA


Present:   Judge Humphreys, Senior Judges Hodges and Overton
Argued at Chesapeake, Virginia


DEBRA L. NEWBERRY
                                                MEMORANDUM OPINION* BY
v.        Record No. 0273-05-1                  JUDGE ROBERT J. HUMPHREYS
                                                OCTOBER 11, 2005
PEEBLES DEPARTMENT STORE AND
  AMERICAN & FOREIGN INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Charlene Parker Brown (Montagna Klein Camden L.L.P., on brief),
            for appellant.

            William C. Walker (Kevin D. Sharp; Taylor & Walker, P.C., on
            brief), for appellees.


        Appellant Debra L. Newberry ("Newberry") appeals a decision of the Virginia Workers'

Compensation Commission ("commission") in which the commission found that her injury did

not arise out of and in the course of her employment with appellee Peebles Department Store

("employer").  For the reasons that follow, we hold that the commission did not err and,

therefore, affirm the judgment below.

        On appeal from a decision of the Workers' Compensation Commission, the evidence and

all reasonable inferences that may be drawn from that evidence are viewed in the light most

favorable to the party prevailing below.  Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577

S.E.2d 538, 539 (2003); Tomes v. James City (County of) Fire, 39 Va. App. 424, 429, 573

S.E.2d 312, 315 (2002).  So viewed, the evidence establishes that, on the evening of March 18,

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

2003, Newberry, along with several co-workers, left employer's department store after working an eight-hour shift. The employees crossed over a two-lane roadway and entered the parking lot located in front of the shopping center. As Newberry walked to her car, which was located in the front row of the parking lot, she tripped over some uneven pavement. Her foot hit the pavement "just right," throwing her "all the way to the ground." As a result, Newberry fractured and sustained nerve damage in her left foot.

Employer's store is located in a strip mall consisting of several different businesses. The parking lot adjoining the shopping center is not owned, controlled, or maintained by employer. Although employees, including Newberry, often park in the front row of the lot, they do not have reserved spaces and may park in any area of the parking lot that they wish. The general public, including the store's customers, are similarly allowed to park in any area of the lot. Neither the employees nor the general public pay a fee for the privilege of parking in the lot.

Newberry filed an application seeking lifetime medical benefits, alleging that she injured her left foot because "[t]hey tried to repair the parking lanes and left a slope in it and as I was going to my car in the parking area I twisted my foot." During the hearing before the deputy commissioner, Newberry testified that she usually parked her car in the front row of the parking lot. However, she admitted that the store employees could "park[] anywhere [they] wanted to." Similarly, one of Newberry's co-workers testified that employees "can park anywhere in that area—anywhere that they want to park and just, you know, they had said that we can park on the front row if we want to. You don't have to, but you really can park anywhere you want to park."

The deputy commissioner held that Newberry's injury arose out of and in the course of her employment, reasoning that "going to and from a parking lot to reach and leave an employee's immediate working area [is] a necessary incident to the claimant's employment." The full commission, however, relying on Cleveland v. Food Lion L.L.C., 43 Va. App. 514, 600

S.E.2d 138 (2004), reversed the deputy commissioner's decision. The commission reasoned that,

> [i]n the absence of any evidence that the employer maintained or controlled the parking lot, that employees were provided specific places to park and that the claimant was in a location other than a common area used also by customers and employees of other stores, we cannot find that she was on the employer's extended premises at the time the injury occurred.

The sole question presented on appeal is whether Newberry's injury arose out of and in the course of her employment. "The question of '[w]hether an accident arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court.'" Cleveland, 43 Va. App. at 518, 600 S.E.2d at 140 (quoting Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 306 (1989)). Accordingly, although we are bound by the commission's underlying factual findings if those findings are supported by credible evidence, see Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83-84, 608 S.E.2d 512, 517 (2005) (*en banc*), we review *de novo* the commission's ultimate determination as to whether the accident arose out of and in the course of the claimant's employment, see Caplan v. Bogard, 264 Va. 219, 225, 563 S.E.2d 719, 722 (2002).

To establish that an injury occurred "in the course of" the claimant's employment, the claimant must show "that the injury occurred 'within the period of employment, at a place where the employee was reasonably expected to be, and while doing something which was reasonably incident to his employment.'" Norfolk Community Hosp. v. Smith, 33 Va. App. 1, 5, 531 S.E.2d 576, 578 (2000) (quoting McFeely Harwood & Lumber v. Miller, 4 Va. App. 334, 337-38, 358 S.E.2d 178, 179 (1987) (internal quotations omitted)). Because, "'[a]s a general rule, an employee going to or from the place where [her] work is to be performed is *not* engaged in performing any service growing out of and incidental to [her] employment,'" Cleveland, 43 Va. App. at 518, 600 S.E.2d at 140 (quoting Sentara Leigh Hosp. v. Nichols, 13 Va. App. 630,

636, 414 S.E.2d 426, 429 (1992) (*en banc*) (interal quotations omitted) (emphasis added)), "an injury that occurs at such time does not arise out of and in the course of the employment," Asplundh Tree Expert Co. v. Pacific Employers Ins. Co., 269 Va. 399, 409, 611 S.E.2d 531, 536 (2005); see also Ramey v. Bobbitt, 250 Va. 474, 478, 463 S.E.2d 437, 440 (1995).

However, under the "extended premises" exception to the so-called "coming and going" rule, injuries sustained while the employee is going to or leaving work are deemed compensable if "'the way used is the sole means of ingress and egress or is constructed by the employer.'" Cleveland, 43 Va. App. at 519, 600 S.E.2d at 140 (quoting Sentara, 13 Va. App. at 636, 414 S.E.2d at 429 (internal quotations omitted)); see also GATX Tank Erection Co. v. Gnewuch, 221 Va. 600, 603-04, 272 S.E.2d 200, 203 (1980); Stone v. Keister's Market & Grill, 34 Va. App. 174, 179, 538 S.E.2d 364, 367 (2000). Here, Newberry contends that her injury falls within the scope of this exception because the parking lot adjoining employer's store is part of employer's "extended premises." We disagree.

As we noted in Cleveland, whether "a parking lot, neither owned nor controlled by employer, is part of the employer's 'extended premises' rests on a combination of criteria, including but not limited to proximity, authority, and responsibility for maintenance." 43 Va. App. at 520, 600 S.E.2d at 140. If the employer does not "control[] the use of the parking area" and "does not control where its employees park[]," the parking lot is generally not considered part of employer's "extended premises." Id.; see also Hunton & Williams v. Gilmer, 20 Va. App. 603, 607-08, 460 S.E.2d 235, 237 (1995). In contrast, "[b]y specifically designating an area 'employee parking' and requiring its employees to park there, an employer is making that area part of its 'extended premises' through its control of the use of that area by its employees." Cleveland, 43 Va. App. at 520, 600 S.E.2d at 141 (discussing Barnes v. Stokes, 233 Va. 249, 355 S.E.2d 330 (1987)).

The circumstances of this case are virtually indistinguishable from those presented in Cleveland. As in Cleveland, the employer was "one of [many] stores located in a strip mall that used a common parking area," "employees were allowed, but not required to park in the lot," "[t]he general public used the lot," the lot "was neither controlled nor maintained by employer," the claimant "was injured in a common area on the other side of a traffic lane used by all tenants and customers of the shopping center," and "the claimant's route from her car to the location of the accident was the same as that of any member of the public." Id. at 516-17, 600 S.E.2d at 139. Thus, we agree that the parking lot was not part of employer's "extended premises" and, as a result, that Newberry's injury did not arise "in the course of" her employment. See id.; see also Stone, 34 Va. App. at 182, 538 S.E.2d at 368.

Newberry also argues, however, that her injury occurred on employer's "extended premises" because the path from the front row of the parking lot to the department store constituted the sole means of ingress and egress to and from employer's premises. However, in Cleveland, we rejected an identical claim, noting that a "traffic lane or parking lot is not the equivalent of [a] sidewalk entry adjacent to a workplace which [is] in 'practical effect' a part of employer's premises." 43 Va. App. at 521, 600 S.E.2d at 141 (distinguishing Prince v. Pan Am. World Airways, 6 Va. App. 268, 368 S.E.2d 96 (1988)). That logic applies equally here.

For these reasons, we hold that the commission did not err in holding that Newberry's injury did not arise out of and in the course of her employment. Accordingly, we affirm the judgment below.

Affirmed.

- 5 -