COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, McCullough and Senior Judge Clements
Argued at Alexandria, Virginia

TRACY LANE

v.      Record No. 2073-12-4

MEMORANDUM OPINION[*] BY
JUDGE STEPHEN R. McCULLOUGH
APRIL 23, 2013

EMERGENCY VETERINARY CLINIC AND
  SELECTIVE WAY INSURANCE COMPANY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Alaina M. Dartt (Ashcraft & Gerel, LLP, on brief), for appellant.

Wirt P. Marks, IV (Robert Harrington & Associates, on brief), for
appellees.

Tracy Lane appeals from a decision of the Workers' Compensation Commission concluding

that injuries she sustained when she slipped and fell in the parking lot of her employer, after her

shift was over, did not occur in the course of her employment. We affirm the decision of the

commission.

BACKGROUND

Appellant worked as an overnight receptionist in the emergency department at a veterinary

clinic. The emergency department never closes, and employees are expected to report to work

irrespective of weather conditions. December 27, 2009, was a cold day. Snow had melted and then

refrozen, leaving icy patches in the parking lot. At the end of her shift, around 4:30 a.m., appellant

clocked out, "said [her] goodbyes," and walked outside. App. at 8, 11, 32. She chose the most

direct route to her car and exited from the back door of the clinic. Appellant walked onto a

walkway that is located above the underground parking. The walkway leads to the parking lot

      [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

where her car was parked. As she was walking on the parking lot, she slipped on some black ice and fell, injuring her right leg.

The veterinary clinic is the only occupant of the building. The clinic does not assign parking spaces to employees. In addition, the clinic does not have any policy with regard to where overnight employees must park. Customers for a nearby grocery store use this parking lot, as do patients for a nearby building housing a cardiology practice. A more distant parking lot surrounding the cardiology practice is also available for employees of the veterinary clinic and members of the public.

Employees of the veterinary clinic are free to park in the parking lot, a parking garage or on the street. On the day in question, the underground parking garage was inaccessible because the access ramp was covered by a sheet of ice. The building occupied by the clinic has three doors that lead to the outside: one in the front, one in the back, and one in the parking garage. Three doors from the veterinary clinic provide access to the parking lot. The veterinary clinic took care of keeping the surrounding sidewalks clear, but it was not responsible for the parking lot or the nearby streets.

Appellant submitted a claim for benefits for her injuries. After a deputy commissioner denied her claim, appellant sought review by the commission. The commission likewise denied benefits, with Commissioner Marshall filing a dissenting opinion. This appeal followed.

ANALYSIS

"On appeal, 'we view the evidence in the light most favorable to the prevailing party' before the commission." Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 539 (2003) (citation omitted). The "Act has always required the claimant to carry the burden of proving, by a preponderance of the evidence, (1) an 'injury by accident' or occupational disease, (2) arising out of, and (3) in the course of, the employment." Morris v. Morris, 238 Va. 578,

584, 385 S.E.2d 858, 862 (1989) (citations omitted).  "An accident occurs during the course of the employment if it takes place within the period of employment, at a place where the employee may reasonably be expected to be, and while the employee is reasonably fulfilling the duties of the employment or is doing something reasonably incidental to it."  Briley v. Farm Fresh, Inc., 240 Va. 194, 197, 396 S.E.2d 835, 837 (1990).  This Court reviews *de novo* the question of whether a work-related injury arose out of or in the course of a claimant's employment. Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001).

A number of principles guide our resolution of this case.  First, as a general proposition, "an employee going to and from work is not engaged in any service growing out of and incidental to his employment unless one of [several] exceptions applies."  GATX Tank Erection Co. v. Gnewuch, 221 Va. 600, 603, 272 S.E.2d 200, 203 (1980).  One of those exceptions occurs "'[w]here in going to and from work the means of transportation is provided by the employer or the time consumed is paid for or included in the wages.'"  Id. (quoting Kent v. Virginia-Carolina Chemical Co., 143 Va. 62, 66, 129 S.E. 330, 331-32 (1925)).  Another exception is "[w]here the way used is the sole and exclusive way of ingress and egress with no other way, or where the way of ingress and egress is constructed by the employer."  Id. at 603-04, 272 S.E.2d at 203.  A third exception involves a situation "[w]here the employee on his way to or from work is still charged with some duty or task in connection with his employment."  Id. at 604, 272 S.E.2d at 203.  None of these exceptions apply here.

In some situations, although an accident may occur in a location that is outside of the employer's actual premises, the injuries resulting from the accident may be compensable if the location of the accident is considered an extension of the claimant's premises.  This Court noted in Prince v. Pan American World Airways, 6 Va. App. 268, 368 S.E.2d 96 (1988), that

> [E]mployment includes not only the actual performance of the
> work, but also "a reasonable margin of time and space necessary to

be used in passing to and from the place where the work is to be done." . . . [I]f an employee sustains an injury while passing, with the express or implied consent of the employer, to or from his or her work by a way over the employer's premises, "or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises," the injury is as causally related to the employment as if it had been sustained while the employee was engaged in work at the place of its performance."

Id. at 271-72, 368 S.E.2d at 97 (quoting Barnes v. Stokes, 233 Va. 249, 252, 355 S.E.2d 330, 331 (1987)).

In Prince, the employee was injured when she slipped on an icy walkway located approximately five feet from an entrance to the office building leased by her employer. Id. at 270, 368 S.E.2d at 96-97. This Court held that the employee's injuries were compensable under the Act because the walkway was situated "'in such proximity and relation as to be in practical effect a part of the employer's premises.'" Id. at 274, 368 S.E.2d at 98 (quoting Barnes, 233 Va. at 252, 355 S.E.2d at 331). See also Wetzel's Painting & Wallpapering v. Price, 19 Va. App. 158, 449 S.E.2d 500 (1994) (injuries compensable under the Act where the employee fell on an icy concrete apron connecting a public street to a gravel driveway outside the jobsite because the claimant was required to traverse the concrete apron leading from the public street into the driveway in order to enter the house to paint).

With regard to parking lots, the Supreme Court of Virginia has recognized that "[m]erely being in a parking lot utilized by employees is not enough to impose coverage of the Virginia Workers' Compensation Act." Painter v. Simmons, 238 Va. 196, 198, 380 S.E.2d 663, 664 (1989). This Court also has addressed situations involving injuries which, as here, occurred in a parking lot. See Cleveland v. Food Lion, LLC, 43 Va. App. 514, 520, 600 S.E.2d 138, 141 (2004) (holding that the parking lot was not part of the employer's extended premises because the employer controlled neither the use of the parking lot nor where its employees parked); Hunton & Williams v. Gilmer, 20 Va. App. 603, 607-08, 460 S.E.2d 235, 237 (1995)

- 4 -

(employee's injury was not compensable because she was allowed, but not required, to park in a parking garage across the street from her employer, and there was no evidence that she was injured in an area of the parking lot reserved for employees only). See also Stone v. Keister's Mkt. & Grill, 34 Va. App. 174, 182, 538 S.E.2d 364, 368 (2000) (injury sustained while crossing the street to reach the parking lot was not compensable because the parking lot was neither owned nor maintained by the employer, the claimant was not required to park there, the employer did not pay for the employee's parking, did not designate parking spaces for employees, and the lot was not used exclusively by employees; the lot was neither owned nor maintained by employer and its use was not an incident of employment). But see Barnes v. Stokes, 233 Va. 249, 252-53, 355 S.E.2d 330, 332 (1987) (injury was compensable under the Act because it "occurred in the area [of the parking lot] specifically allocated to the employer and at the place where the employees were required to park their vehicles").

We conclude that the factual scenario here is controlled by our decisions in Cleveland and Gilmer. The injury occurred in a parking lot. The employee was free to park where she pleased, whether in this parking lot, a different nearby parking lot, or on the street. She did not have a reserved parking space. Members of the public used this parking lot. The parking lot did not constitute "'in practical effect a part of the employer's premises.'" Prince, 6 Va. App. at 272, 368 S.E.2d at 98. The employer did not exercise any "control or authority" over where appellant parked. Gilmer, 20 Va. App. at 608, 460 S.E.2d at 237. Therefore, the injury she sustained did not occur in the course of her employment.[1]

---

[1] Appellant further contends that the conditions which caused her accident are a risk of her employment. The commission did not address this claim. Rule 5A:18 bars our consideration of that assignment of error because appellant did not provide the commission with the opportunity to correct any perceived error. See Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003).

## CONCLUSION

The decision of the commission is affirmed.

Affirmed.
