COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Russell and Athey
Argued by teleconference

UNPUBLISHED

JEFFREY M. LANGFORD

MEMORANDUM OPINION[*] BY
v.        Record No. 1250-19-3              JUDGE CLIFFORD L. ATHEY, JR.
                                            MAY 19, 2020

DISH NETWORK AND INDEMNITY
  INSURANCE COMPANY OF NORTH AMERICA

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> J. Aaron Thomas (Thomas & Thomas Law, PLLC, on briefs), for
> appellant.
>
> Andrew H.D. Wilson (Two Rivers Law Group, PC, on brief), for
> appellees.

Jeffrey Langford ("claimant") assigns error to the Workers' Compensation Commission's

("Commission") decision that his December 11, 2018 accident did not arise out of or in the

course of his employment with Dish Network ("employer"). Finding no error, we affirm the

Commission's decision.

## I. BACKGROUND

In this case, we view the evidence in the light most favorable to the employer, who

prevailed below. See Westmoreland Coal Co. v. Russell, 31 Va. App. 16, 20 (1999). The

Commission's factual findings are conclusive and binding on this Court when those findings are

based on credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515 (1989);

Code § 65.2-706.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The claimant worked as a trainer at the employer's 125 employee call center, which opened in October 2018, and was located in the New River Valley Mall ("mall"). The claimant was told by the employer to access the call center using the mall entrance near the New River Valley Community College ("college"). The parking area near that mall entrance was shared with college students, mall visitors, and other mall businesses and their employees. The claimant was not prohibited from parking in other portions of the mall's expansive parking lot or from the use of other mall entrances to access the workplace. There were neither signs designating parking spaces for specific employees nor signs designating any area of the mall parking lot for the employer's use.

The employer's lease with the owner of the mall provided that a portion of its monthly rent was for snow removal and maintenance of the common areas, including the parking lot. The lease also stated that the employer would have access to no fewer than 100 parking spaces as shown on Exhibit D of the lease, which was illegible. The Commission was also provided a copy of the approved site plan for the call center, which included parking for the employer outside the mall entrance near the college.

When the claimant arrived for work on December 11, 2018, the snow removal service had already begun clearing the sixteen inches of fresh snow from the mall parking lot, but had only managed to plow the first four or five rows of the parking lot outside the mall entrance near the college. The claimant parked as close as he could to that mall entrance, but upon exiting the vehicle, he slipped on black ice, landing on his left elbow. The extent of his injuries and the period of his disability from the accident are not at issue in this appeal.

In denying the claim, the deputy commissioner found that

> the parking lot where the claimant fell was not part of the
> employer's extended premises. Any risks the claimant was
> exposed to were no different than the risks to which the general

public was exposed. The claimant has failed to show his injury arose out of the employment and we deny his claim.

The claimant appealed the denial to the full Commission, and it unanimously agreed with the previous finding of the deputy commissioner, deciding that

the parking lot on which claimant fell was used by his employer, the community college, as well as mall customers and employers and employees of numerous other businesses. Employees were allowed but not required to park in the lot. The general public used the lot, and it was not controlled nor maintained by the employer. Thus, the facts of this case do not prove that the claimant's injury occurred on the extended premises of the employer, and the Deputy Commissioner correctly denied the claim.

The claimant appeals the Commission's decision to this Court.

## II. ANALYSIS

Claimant assigns error to the Commission's finding that the claimant failed to establish that his accident occurred during the course of his employment or arose out of his employment because the claimant was going to work, that the parking area and mall entrance used by the claimant was not the sole means of ingress and egress to his workplace, and that the accident did not occur on the employer's extended premises. Since credible evidence supports the Commission's denial of the claim, we affirm the Commission's decision.

The question of "[w]hether an accident arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing Service v. Barbour, 8 Va. App. 482, 483 (1989).

Under the Workers' Compensation Act, an injured employee "must prove by a preponderance of the evidence that the injury arose 'out of and in the course of employment.'" Lucas v. Fed. Exp. Corp., 41 Va. App. 130, 133 (2003) (quoting Code § 65.2-101). An injury arises out of the employment where it "is apparent to the rational mind upon consideration of all

the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." Bradshaw v. Aronovitch, 170 Va. 329, 335 (1938).

Generally, "an employee going to and from the place where [his] work is to be performed is not engaged in performing any service growing out of and incidental to [his] employment." Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 190 (1987). There are three exceptions to this rule:

> (1) where the means of transportation used to go to and from work is provided by the employer or the employee's travel time is paid for or included in wages; (2) where the way used is the sole means of ingress and egress or is constructed by the employer; and (3) where the employee is charged with some duty or task connected to his employment while on his way to or from work.

Cleveland v. Food Lion, L.L.C., 43 Va. App. 514, 519 (2004).

However, this general rule will not bar a claim if the location of the injury is on the employer's extended premises. "The determination that a parking lot, neither owned nor controlled by employer, is part of the employer's 'extended premises' rests on a combination of criteria, including but not limited to proximity, authority, and responsibility for maintenance." Id.

The claimant contends that his accident falls under an exception to the general rule that an injury sustained going to and from a claimant's place of employment neither occurs during the course of nor arises out of his or her employment. In support of his claim, he argues that the parking location and mall entrance he was utilizing had been designated by his employer as the sole means of ingress and egress to his place of employment. The claimant relies primarily on instructions he received from the employer to park in the location where the accident occurred as well as the amount of snowfall that occurred on the day of the accident as justification for his claimed exception. However, the Commission received testimony from the claimant himself that the parking area was not his sole available means of ingress and egress to his workplace.

During the hearing before the deputy commissioner, the claimant was asked: "[N]o one said you cannot park on the other side [of the mall], is that correct?" The claimant responded: "That is correct." Viewing the evidence in a light most favorable to the employer, we cannot therefore say that the Commission erred in denying the claim, taking into account claimant's own admission and the existence of multiple other entrances he could have used for ingress to his workplace on the date of the accident.

In the alternative, claimant further contends that the parking lot in which the accident occurred was a part of the employer's extended premises, thus the accident both arose out of his employment and occurred during the course of his employment. Claimant supports this contention based upon (1) the lease between his employer and the owner of the mall referencing 100 parking spaces, (2) the employer's site plan, and (3) contractual language in the lease acknowledging that some portion of his employer's rent would cover operating expenses of the mall, including snow removal. Based thereon, the claimant argues that his employer had sufficient authority and control over that area of the mall parking lot to establish it as the employer's extended premises. We disagree.

Cleveland is analogous to the instant case. There, the employer, Food Lion, was located in a strip mall that shared a parking lot with five other stores. 43 Va. App. at 516. We held that the parking lot nearest Food Lion was not an extended premises because the employees did not have a designated parking location in the shared lot, were not prohibited from parking anywhere they wanted, and the employer was not responsible for maintaining the lot, although the employees were asked to allow room for customers to park in the front. Id. at 516-17.

Similarly, in Hunton & Williams v. Gilmer, 20 Va. App. 603 (1995), we held that a parking garage was not an extension of the employer's premises when employees were not required to park in the garage, there was no area reserved for that particular employer's

- 5 -

employees, and the cost of parking was deducted from the claimant's wages. Id. at 607-08. Thus, the employer in Gilmer, just as in Cleveland, lacked authority and control over the area of the accident. Id. at 608.

Here, the parking lot in which the claimant fell was shared by his employer, the college, other mall businesses, and the patrons of the mall. The claimant stipulated that the parking lot was not owned by the employer. While the area in which claimant parked was the area of the mall parking lot which was most convenient for his workplace, he was not required to exclusively park in that area. The claimant testified that while they were told to park in the lot near the college, they were not told that they could not park on the other side of the mall or use other mall entrances. Additionally, there was no signage or other designation in the parking lot directing the claimant or fellow employees to park in any designated area.

The claimant argues that since part of the employer's rent to the mall included payments for operating expenses, including snow removal, the employer had authority and control over the parking lot. However, there is no evidence that the employer directly controlled the operation of the parking lot. The claimant also points to the employer's lease with the mall, which states that the employer was to be provided no fewer than 100 parking spaces and a planning document as evidence there was a specific location that employees of the employer were to be exclusively parking. This contradicts the claimant's own testimony when he agreed that he was not prohibited from parking at other locations throughout the mall parking lot. While the parking lot was near his employment location and may well have been the most convenient place for employees to park, the employer did not have authority or control over the parking lot.

The claimant's reliance on Barnes v. Stokes, 233 Va. 249 (1987), is misplaced. There, the claimant prevailed in his claim because even though the employer did not own or maintain the parking lot where the accident occurred, a portion of the parking lot was specifically

allocated to the employer by the lot owner, and the employer was "specifically requested" by the lot owner to have the employees park at that location.  Id. at 251-53.  Barnes is distinguishable because the employer in this case was not specifically allocated this portion of the parking lot for its employees, and the employer did not instruct the claimant not to park in other portions of the mall parking lot.

Therefore, credible evidence exists in the record in support of the Commission's decision that the area where the claimant parked was not a part of the extended premises of his employer.

### III.  CONCLUSION

For the foregoing reasons, we affirm the decision of the Commission.

Affirmed.